# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GREGORY EUGENE DORSEY,**

    **Petitioner,**

**v.**                                                                                 **Civil Action No. 1:07cv82**
                                                                                              **(Judge Keeley)**

**JOE DRIVER, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the petitioner's § 2241 habeas corpus petition, the Government's response and the petitioner's reply. In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") has improperly calculated his sentence by failing to credit him with 137 days of time served. As relief, the petitioner seeks his immediate release from imprisonment. In response, the government asserts that the petitioner's sentence has been properly computed and the petitioner is entitled to no relief.

### I.   Petitioners' Conviction and Sentence

The United States Parole Commission ("the Commission") issued a parole violator warrant against the petitioner on March 25, 2005. On April 24, 2005, the petitioner was arrested and charged with attempted robbery in the Superior Court of the District of Columbia ("D.C. Court"). On April 26, 2005, while being held on the D.C. charge, the Commission executed the petitioner's parole violator warrant and the petitioner began service of his violator sentence on that date.

On September 9, 2005, the petitioner entered a plea on the D.C. charge and was sentenced

to 24 months imprisonment. The Judgment and Commitment Order directs that petitioner receive credit for time served.

On September 12, 2005, the D.C. Court issued an Amended Judgment correcting the name of the petitioner.[1] This amended judgment order was *nunc pro tunc* to the date of the original judgment.

On April 21, 2006, the D.C. Court issued a second Amended Judgment. The only apparent change in the second amended judgment is again a change to the petitioner's name.[2] The second amended judgment does not change the petitioner's sentence or otherwise alter the contents of the Court's prior judgments. Additionally, the second amended judgment was also issued *nunc pro tunc* to the date of the original judgment.

In the petition, the petitioner asserts that his sentence has been improperly calculated because he is entitled to credit for the time served between April 26 and September 9, 2005. Moreover, the petitioner asserts that the second Amended Judgment changed his sentence from consecutive to concurrent. Accordingly, in October of 2006, the petitioner wrote to the sentencing judge complaining that the BOP was not properly computing his sentence in accordance with the Court's Judgment and Commitment Orders. In response, Benjamin J. Kull, Law Clerk to the Honorable Wendell P. Gardner, Jr., provided the petitioner with the following information:

> On September 9, 2005, Judge Gardner sentenced you on one count of Attempted Robbery to twenty-four (24) months of imprisonment and three (3) years of supervised release. The judgment and commitment order in this case also indicated that you were to received credit for time served. However, the order did not indicate

---

[1] The original Judgment had the name Gregory Douglas. The Amended Judgment corrected the petitioner's name to Gregory Dorsey.

[2] The second amended judgment lists the petitioner's full name, Gregory Eugene Dorsey.

specifically how much jail credit you were to receive. . . .

An amended judgment and commitment order was issued in this case on September 12, 2005 (*nunc pro tunc* to September 9, 2005). However, this amended order did not change your sentence or address your jail credit in any way. Rather, it changed the defendant's name on the order, which had been incorrectly listed as Gregory Douglas. . . .

On April 21, 2006, another amended judgment and commitment order was entered in your case. Again, this order was *nunc pro tunc* to September 9, 2005. However, there is no docket entry explaining why this second amended order was entered. It would seem that the second amended order was entered under the mistaken belief that the wrong name on the original judgment and commitment order had not yet been corrected . . . Nonetheless, just like the first amended order, the second amended order did not change your sentence or address your jail credit in anyway. Thus, Judge Gardner has not previously stated specifically how much jail credit – if any – you should receive in your case. . . .

Lastly, when you telephoned chambers on December 19, 2006, you explained to me that you thought that the reason why Judge Gardner had amended your judgment and commitment order was to change your sentence to run concurrently with the sentence in your parole case. As you can see, none of the judgment and commitment orders entered in this case indicate that your sentence is concurrent. Furthermore, I have personally reviewed the audio recording of your September 9, 2005, sentencing hearing. At the hearing, Judge Gardner stated specifically that he was not going to run your sentence concurrently because he believed doing so would be the equivalent of giving a "free ride" to a parole violator. Thus, I have found nothing in your case to suggest that Judge Gardner ever intended for your sentence in this case to run concurrently.

See Petitioner's Exhibits (dckt. 1).

## II. Analysis

### A. Mootness

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Upon a review of the pleadings, it is clear that the Court can no longer grant the petitioner

the relief requested and this case is moot. According to the inmate locator on the BOP's website (www.bop.gov), the petitioner was released from incarceration on December 20, 2007. Because immediate release from incarceration is the only relief sought by the petitioner in his petition, this case is moot.

**B.     Merits of Petitioner's Claim**

Even if this case was not moot, it is clear that the BOP has properly calculated the petitioner's sentence and he is not entitled to relief. Pursuant to D.C. Code § 23-112:

> A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for a conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

Of the three Judgment and Commitment Orders entered in petitioners' criminal case, not one of those orders states that the petitioner's D.C. sentence is to run concurrent to his violator sentence. Moreover, according to Judge Gardner's law clerk, the audio of the petitioner's sentence specifically refutes the petitioner's claims that the sentencing judge intended for his sentences to run concurrent. Although the petitioner questions the credibility of Judge Gardner's law clerk, the petitioner has provided no evidence which would make this Court doubt the credibility or accuracy of Mr. Kull's statements of the case.

Additionally, although petitioners' Judgment and Commitment Orders direct that he receive credit for time served, they do not specify any exact amount of time to which the petitioner may be entitled. In point of fact, while the Court may order credit for time served, the actual computation of such time is the responsibility of the BOP. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal

4

sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Here, because the petitioner received credit for the time between April 26 and September 9, 2005, on his parole violator sentence, the BOP has properly denied petitioner credit for that time on his federal sentence. See D.C. Code 24-221.03;[3] Ali v. District of Columbia, 612 A.2d 228 (D.C. Ct. App. 1992) (credit denied on D.C. sentence where defendant was in custody pursuant to an executed parole violator warrant).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[3] D.C. Code 24-221.03 states:
Every person shall be given credit on the maximum and the minimum term or imprisonment for time spent in custody or on parole **as a result of the offense for which the sentence was imposed**. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed. (Emphasis added).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner be certified mail, return receipt requested, to counsel of record via electronic means.

DATED: August 14, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE